Yun v. Lynch

BIA
Segal, IJ
A201 160 363

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand sixteen.

PRESENT:
>    RICHARD C. WESLEY,
>    GERARD E. LYNCH,
>    SUSAN L. CARNEY,
>        *Circuit Judges.*

_____

CHIN YA YUN, AKA YA YUN CHEN,
>        *Petitioner,*

>    v.                                                    14-4329
>                                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:             Troy Nader Moslemi, Flushing, New York.

FOR RESPONDENT:             Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Kiley Kane, Senior Litigation Counsel; Annette M. Wietecha, Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chin Ya Yun, a native and citizen of the People's Republic of China, seeks review of an October 30, 2014, decision of the BIA affirming a December 26, 2013, decision of an Immigration Judge ("IJ") denying Yun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chin Ya Yun,* No. A201 160 363 (B.I.A. Oct. 30, 2014), *aff'g* No. A201 160 363 (Immig. Ct. N.Y. City Dec. 26, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions, "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications, like Yun's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies between the applicant's statements and other evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the adverse credibility determination, which was based on inconsistencies between Yun's testimony and the record of her credible fear interview, internal inconsistencies in her testimony, and her evasiveness while testifying. As an initial matter, the IJ did not err in finding that the interview record bore sufficient indicia of reliability to be entitled to evidentiary weight. *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The interview was conducted in Yun's best language, the questions were designed to elicit her asylum claim, and there was no indication that

3

Yun was reluctant to answer questions. *Id.* at 723-25.

The record supports the agency's conclusion that Yun's testimony was both internally inconsistent and inconsistent with her credible fear interview. She testified that she first learned that members of her church were arrested when she received her pastor's letter. However, when confronted with the record of her credible fear interview reflecting earlier knowledge of the arrests, she eventually responded that she knew that church members were arrested while she was still in China, but that she did not know which members or how many were arrested. The IJ reasonably interpreted this as inconsistent, particularly given Yun's testimony about the sequence of events, which did not include any statement that she learned of any arrests. *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact." (quoting *Palazza ex rel. Delmage v. Corio*, 232 F.3d 38, 44 (2d Cir. 2000))).

The adverse credibility determination is further supported by the IJ's demeanor finding, to which we defer. *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The record

4

supports the IJ's finding that Yun testified in an evasive manner. She gave non-responsive answers, responding only that the church had recorded her name and telephone number, when questioned about arrests. She also twice failed to answer questions about a letter from her mother, and once regarding a letter from her pastor.

In light of Yun's inconsistent and evasive testimony, which largely related to the sole incident underlying her asylum claim, substantial evidence supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006). That determination is dispositive of asylum, withholding of removal, and CAT relief, as all three claims rely on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Yun's arguments that the agency failed to consider her documentary evidence and whether it rehabilitates her testimony do not survive our presumption "that an IJ has taken into account all of the evidence before [her]." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). And her argument that the agency failed to consider whether she had a

5

reasonable fear of future persecution independent of her past persecution fails, because the adverse credibility determination extended to whether she would practice Christianity in China. *See Siewe*, 480 F.3d at 170; *cf. Paul*, 444 F.3d at 153 n.4.

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk